UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CATHY L. HARRISON | CIVIL ACTION |
| VERSUS | |
| THE CITY OF BATON ROUGE-PARISH OF EAST BATON ROUGE, OFFICE OF THE MAYOR-PRESIDENT, OFFICE OF COMMMUNITY DEVELOPMENT, ET AL. | NO. 17-487-JWD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 3, 2019.

　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CATHY L. HARRISON** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-487-JWD-RLB** |
| **THE CITY OF BATON ROUGE-PARISH OF EAST BATON ROUGE, OFFICE OF THE MAYOR-PRESIDENT, OFFICE OF COMMMUNITY DEVELOPMENT, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court has granted Cathy L. Harrison's ("Plaintiff") Motions for Leave to Proceed in Forma Pauperis. (R. Doc. 5). As Plaintiff is now proceeding in forma pauperis ("IFP"), the undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim on which relief may be granted. A hearing was held on October 25, 2018 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). (R. Doc. 8).

**I.      Nature of the Plaintiff's Allegations**

This lawsuit arises out of Plaintiff's termination from her employment with the Mayor's Office of Community Development with the City of Baton Rouge/Parish of East Baton Rouge as of December 4, 2015. (R. Doc. 1-2 at 15). After her termination, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") alleging that her employer discriminated against her in violation of Title II of the Genetic Information Nondiscrimination Act of 2008 ("GINA"); Title VII of the Civil Rights Act of 1964 ("Title VII"); The Americans with Disabilities Act ("ADA"); and The Age Discrimination in Employment Act of 1967 ("ADEA"). (R. Doc. 1-2 at 11-14, 17-22). The EEOC dismissed Plaintiff's charge of discrimination. (R. Doc. 1-2 at 1-4).

1

Plaintiff has now filed a Complaint for Employment Discrimination seeking relief under GINA, Title VII, the ADA, and the ADEA. (R. Doc. 1). Plaintiff specifically alleges the following as the "relief" she is seeking:

> Wrongfully terminated and employer states in termination letter, they were fully aware of ongoing medical issues that affected my ability to work. Health care providers denied me medical care and medical records and this prevented me from receiving the health care I needed, This is a retaliation of my filing [previous] workers comp claims[.] Filed a claim in 8/29/13 for [injury] at work that was my fault, but missed only one day of work, filed second claim on 10/7/14 while attending a training, felled at the airport while [retrieving] luggage but [never] received workers comp[.] Also, have health issues with MS, spinal cord disease and have oral tissue disease from a dental procedure. Also, my employer was fully aware that I had insurance (Cancer and Disability) in the event I was unable to work. I am asking for an unspecified amount against the [named] defendants to pay the plaintiff money for lost wages, pain and suffering, defamation of my character. Even as I file this suit no attorney will represent me or doctor will treat me for my illnesses. I am rapidly [deteriorating] because of muscle atrophy and no medical treatments for my conditions[.]

(R. Doc. 1 at 6).

Plaintiff named as defendants her former employer, the City of Baton Rouge Office of Community Development, and its directors Bradley Sweazy and Jamie Mabile, as well as the City of Baton Rouge Human Resources, and its directors, Brian Bernard and Carla Peltier (collectively, the "City Defendants"). (R. Doc. 1 at 2, 11). Plaintiff also named the following health care facilities, health care providers, and related entities as defendants: Our Lady of the Lake [H]ospital, Inc. (Drs. Robert Hayden, Matthew Stair, Dan Clark, and [Dan] Godbee); Louisiana Worker's Compensation Corporation ("LWCC") (Alex Forestner); Baton Rouge Radiology Group, Inc. (Drs. David Hoff, Robert Miller, and Clement Wen); The Baton Rouge Clinic (Drs. Rachel Grunner and Brian Murphy); Women's Hospital (Deborah Ashford); Lane Regional Medical Center Foundation (Drs. Bradley Setset and Charles Greeson); Warner Orthopedics and Wellness (Dr. Meredith Warner); Oschsner Health Systems, Inc. (Ory

2

Marioneaux and Dr. David Alleva); The General Health Foundation (Dr. Robert Branstetter); HMO Louisiana Inc. (Katie Guy); M.D. Medical Clinic (Dr. Karen C. Dantin); Bone & Joint Clinic of Baton Rouge, Inc. (Dr. Patrick Hall); Louisiana State Board of Medical Examiners (Carol Dutchman, Bonnie Bourgeois, and Les St [sic]); Gastroenterology Associates, LLC (Dr. Rao Maheswar); Oak Hills Periodontics, LLC (Kathy Abbot); Baton Rouge Orthopedic Clinic (Dr. Craig Green and Joshua Hall); Jon G. Taxler MD, LLC; and Dr. Walter J. Jung, IV (collectively, the "Medical Defendants"). (R. Doc. 1 at 8-12).

**II.    Law and Analysis**

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly

3

incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000). Additionally, dismissal with prejudice without providing an opportunity to

4

amend by way of written pleadings may be appropriate where the court holds a *Spears* hearing, because the *Spears* hearing allows a litigant the opportunity to clarify her claims. *Hasty v. Johnson*, 103 Fed. App'x 816, 820 (5th Cir. 2004) (citing *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249, 251 (5th Cir. 1994)).

### A. The Age Discrimination in Employment Act

The Court recommends that Plaintiff's claims under the Age Discrimination in Employment Act of 1967 ("ADEA") be dismissed as to all Defendants. In her Complaint, Plaintiff selects the ADEA as a basis for jurisdiction, and states that "[m]ost of the older employees were being replaced with younger workers." (R. Doc. 1 at 3, 5). Plaintiff makes no other allegation regarding her age in the remainder of her Complaint. At the October 25, 2018 hearing, the Court inquired as to the basis of Plaintiff's claims regarding age discrimination, wherein Plaintiff again stated that, at the time of her employment, her employer was firing a lot of people and replacing them with younger workers. Plaintiff specifically stated that she was not alleging that she was terminated on account of her age, in whole or in part, just that other employees were. As Plaintiff has made no claim either in her Complaint documents or at the October 25, 2018 hearing that she was discriminated against on the basis of her age, and explicitly indicated that she was not alleging adverse employment action against her on the basis of her age, the Court recommends dismissal of her claims under the ADEA as to all defendants in this action.

### B. The Medical Defendants

The Court finds that any and all claims against the Medical Defendants made herein should be dismissed pursuant to 28 U.S.C. § 1915(e). The gravamen of Plaintiff's allegations is

5

that she was wrongfully terminated from her employment with the City of Baton Rouge Office of Community Development. Plaintiff does not allege that any of the Medical Defendants were her employer for purposes of GINA, Title VII, the ADA, or the ADEA, which she confirmed at the October 25, 2018 hearing.

Further, the Court can conceive of no set of facts wherein a non-employer medical facility or medical provider could be liable for a plaintiff's wrongful termination under GINA, Title VII, the ADA, or the ADEA such that these claims are futile. Further, to the extent Plaintiff attempts to bring state law claims against the Medical Defendants based on circumstances besides termination from her employment with the City of Baton Rouge, those claims are not proper for at least two reasons, the first of which being subject matter jurisdiction. First, all of the Medical Defendants appear to be Louisiana citizens such that the exercise subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 is improper. The Court questioned Plaintiff regarding the citizenship of the Medical Defendants at the October 25, 2018 hearing, wherein she indicated it was her understanding that none of the Medical Defendants were citizens of a state other than Louisiana.

Second, as noted above, Plaintiff has not brought any valid federal law claims against the Medical Defendants. Thus, the exercise of subject matter jurisdiction based upon federal question pursuant to 28 U.S.C. § 1331 is improper. To the extent that Plaintiff's allegations against the Medical Defendants may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original

6

jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended a finding that the Plaintiff has brought no federal claims under GINA, Title VII, the ADA, or the ADEA against the Medical Defendants, the Court further recommends that the exercise of supplemental jurisdiction over any potential claims against the Medical Defendants be declined.

### C. The City Defendants

#### 1. Directors

The Court recommends that all of Plaintiff's claims against the individual Directors[1] of the City Defendants be dismissed with prejudice as there is no individual liability under any of the remaining federal statues (GINA, Title VII, and the ADA). Therefore, Plaintiff's claims against these individual defendants are futile. Plaintiff cannot sue the Directors under Title VII or the ADA because they are not statutory employers, and the law does not recognize individual liability for supervisory employees. *See Grant v. Lone Star Co.*, 21 F.3d 649, 652-53 (5th Cir. 1994) (Title VII imposes liability only on "employers"); *Kiper v. Ascension Par. Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *2 (M.D. La. May 21, 2015) ("[T]he Fifth Circuit has consistently held that there is no individual liability for employees under Title VII."); *Ahmed v. Hussain*, 2018 WL 2271179, at *2 (N.D. Tex. Apr. 18, 2018), *report and recommendation adopted*, 2018 WL 2267141 (N.D. Tex. May 17, 2018) ("As an initial matter, neither Title VII, the ADA, nor the ADEA provides for individual liability for supervisory employees."). Similarly, Plaintiff cannot sue the Directors under GINA because they are not defined as employers for purposes of that statute. *See* 42 U.S.C. § 2000ff(2)(B)(i); *Wright v. StoneMor Partners LLP*, 2012 WL

---

[1] The Directors named are Bradley Sweazy and Jamie Mabile (R. Doc. 1 at 2), and Brian Bernard and Carla Peltier (R. Doc. 1 at 11).

7

4006120, at *2 (W.D. N.C. Sept. 12, 2012) ("Finally, the Court finds that GINA does not provide for individual liability due to its incorporation of the Title VII definition of 'employer.'").

### 2. The City of Baton Rouge, Community Development and Human Resources

Based on the foregoing, the only claims remaining are Plaintiff's claims under Title VII, GINA, and the ADA against the City of Baton Rouge Office of Community Development, and the City of Baton Rouge Office of Human Resources (collectively, the "City of Baton Rouge"). Plaintiff has made claims of adverse employment decisions, including generally, a lack of promotion, termination, and failure to accommodate, against the City of Baton Rouge, based upon a disability or disabilities, and her race, and a family history of Multiple Sclerosis. Construing the Plaintiff's Complaint liberally, the Court recommends that Plaintiff's claims under Title VII, GINA, and the ADA against City of Baton Rouge Office of Community Development, and the City of Baton Rouge Office of Human Resources be maintained at this stage.

Plaintiff's sole allegation in support of a Title VII discrimination claim is that "[a] white employee was allowed to park closer to [the] building with her disability and [that she is] a cancer patient." (R. Doc. 1 at 4). Notwithstanding the reference to disability claims as well in this statement, Plaintiff seems to allege that she was discriminated against on the basis of her race when a white employee was given permission to park closer to the place of employment than she was. Without passing on the merits of Plaintiff's claims, and giving appropriate deference to Plaintiff as a pro se litigant, the Court finds these allegations sufficient to survive dismissal at this stage in the litigation.

With regard to disability, Plaintiff alleges that her employer failed to accommodate her when she was issued a handicapped parking tag because they did not provide her a parking space

8

closer to the building in which she worked. (R. Doc. 1 at 4, 13). She also alleges a spinal cord injury "on or around 8/2013-8/24/2014" and "oral tissue disease (cancer)." (R. Doc. 1 at 5). She alleges that her employer was "fully aware of ongoing medical issues that affected [her] ability to work" when she was wrongfully terminated. (R. Doc. 1 at 6, 13). Similar to the finding with regard to Plaintiff's Title VII claim, the Court finds these allegations sufficient to survive dismissal at this stage in the litigation.

Considering allegations made in Plaintiff's Complaint as well as information provided by Plaintiff at the October 25, 2018 hearing, Plaintiff seems to be alleging that her employer discovered that her sister suffered from Multiple Sclerosis, and she was then terminated due to "ongoing medical issues," which Plaintiff presumes to include her family history of Multiple Sclerosis. The Court finds these allegations sufficient to survive dismissal at this stage in the litigation, subject to the requirement that Plaintiff amend her Complaint according to the guidance provided below.

It is worth noting that Plaintiff alleges in her Complaint a disability of "MS 10/2014" (R. Doc. 1 at 5) and that she has "health issues with MS" (R. Doc. 1 at 6), but explicitly stated at the October 25, 2018 hearing that she has never been diagnosed with MS nor does she believe she has MS. Rather, at the hearing, Plaintiff suggests that her employer discovered that her sister had MS and terminated Plaintiff because of that. The contradictory nature of the allegations in Plaintiff's Complaint and those made at the October 25, 2018 hearing, is sufficient to require Plaintiff to amend her Complaint with regard to her claim under GINA.

GINA provides that an employer may not "discriminate against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." 42 U.S.C. § 2000ff—1(a)(1).

9

Relevant to the discussion herein, GINA defines "genetic information" as (1) an individual's genetic tests; (2) the genetic tests of the individual's family members; (3) the manifestation of a disease or disorder of the individual's family members. *See* 42 U.S.C. § 2000ff(4)(A); *see also* 29 C.F.R. § 1635.3(c). Plaintiff's amended Complaint should, at a minimum, specify (1) whether the relevant genetic information stems from her own diagnosis of MS or that of her sister, (2) how that information was obtained or received by her employer or why Plaintiff alleges her employer was aware of it, and (3) the resulting adverse employment action Plaintiff alleges was taken against her because of her employer's knowledge of the genetic information.

### III.   Conclusion

Given the underlying proceedings before the EEOC, the allegations in the Complaint, and the testimony received at the October 15, 2018 hearing, the Court does not recommend *sua sponte* dismissal of Plaintiff's Title VII, ADA, and GINA claims against the City of Baton Rouge Office of Community Development or the City of Baton Rouge Human Resources pursuant to 28 U.S.C. § 1915(e).  The Court will allow Plaintiff's claims to proceed against the City of Baton Rouge Office of Community Development and the City of Baton Rouge Human Resources, and will require service on these defendants by the U.S. Marshals Service. The other defendants should be dismissed from this action with prejudice, and without providing an opportunity to amend, because Plaintiff's claims against them are futile under GINA, Title VII, and the ADA, and the Court declines supplemental jurisdiction on any state law claims. Furthermore, Plaintiff's claims arising under the ADEA should be dismissed with prejudice as to all defendants.

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's claims against all defendants, other than the City of Baton Rouge Office of Community Development and the City of Baton Rouge Human Resources, should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against all defendants, including the City of Baton Rouge Office of Community Development and the City of Baton Rouge Human Resources, arising under the Age Discrimination in Employment Act, should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against the City of Baton Rouge Office of Community Development and the City of Baton Rouge Human Resources arising under Title VII, the Americans with Disabilities Act, and the Genetic Information Nondisclosure Act should be maintained, subject to the requirement that Plaintiff file her Amended Complaint in accordance with the foregoing within thirty (30) days of any Order of the District Court adopting this instant Report and Recommendation.

Signed in Baton Rouge, Louisiana, on April 3, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**